H. ROTHSCHILD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. JACOBSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35140, 35141, 37629, 40244.  Promulgated June 9, 1932.

*Phil D. Morelock, Esq.,* for the petitioners.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

LANSDON: At Docket Nos. 35141 and 40244 the respondent asserts deficiencies in income tax against H. Rothschild for the years 1925 and 1926 in the respective amounts of $2,125.27 and $935.52, and at Docket Nos. 35140 and 37629 against J. Jacobstein for the same years in the respective amounts of $2,066.85 and $916.29. The same issue is involved in each proceeding, all of which were consolidated for hearing. There are no disputed facts and each of the proceedings was submitted on the pleadings.

The petitioners are individuals who were partners in the Union Clothing Company of Kansas City, Missouri, in the taxable years. The deficiencies result from the respondent's increase of the dis-

tributable net profits of such partnership for each of the years involved, which converted reported losses for 1925 and 1926 into profits for each of such years and resulted in the deficiencies here in controversy.

Prior to 1925 the Union Clothing Company kept its books and rendered its income-tax returns on the accrual basis. At January 1, 1925, in conformity with the law and pursuant to the regulations of the Commissioner it changed its method of accounting for and reporting income to the installment basis. During the year 1925 it collected accounts receivable on merchandise sold in the amount of $161,716.53 and in 1926 it made similar collections in an amount not clearly disclosed in the record. All of such collections in the two years under review had been included in the partnership's returns of gross income made on the accrual basis in years prior to 1925.

The petitioners contend that the procedure proposed by the respondent results in double taxation. This may be true, but, if so, it is not a unique situation and is not in violation of any law. *Packard Motor Co.* v. *United States*, 39 Fed. (2d) 991. This identical question has been before this Board and the courts in many instances and decisions have been consistently adverse to the contentions here. If there is any infirmity in the law which taxes the income here involved a second time, it can be cured only by legislation, which is not the province of this Board. The determinations of the respondent are approved. *Blum's, Inc.*, 7 B. T. A. 737.

*Decision will be entered for the respondent.*